IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) No. 19-102 |
| V. | ) |
| | ) |
| BRETT WELLS | ) |

**MEMORANDUM ORDER**

This action commenced by indictment on April 16, 2019. Defendant is in custody in the Allegheny County Jail since his arrest, in 2018, on charges of violating 21 U.S.C. 841, including distribution of heroin and fentanyl resulting in serious bodily injury or death.[1]

On March 20, 2020, Defendant filed a Motion for Detention Hearing and Release, based on concerns related to COVID-19. The Government opposed Defendant's Motion, arguing, inter alia, that the factors set forth in 18 U.S.C. § 3142(g) weighed in favor of detention. Magistrate Judge Patricia L. Dodge held a pretrial detention hearing by videoconference, on May 12, 15, and 18, 2020.[2] On May 18, 2020, Judge Dodge entered an Order that Defendant be released on unsecured bond, with conditions including home incarceration and electronic monitoring (the "release Order"). The same day, the Government filed a Motion to Revoke Order of Pretrial Release pursuant to 18 U.S.C. § 3145(a), which permits the Government to seek revocation of a release order. Therein, the Government asserts that Judge Dodge's detention ruling is contrary to law and to the evidence of record, and requests a hearing.[3] Judge Dodge stayed her release Order. Subsequently, the Government was permitted to file a brief in support of its Motion. In lieu of a Brief, the Government filed a Notice referring the Court to its Motion to Revoke Order

---

[1] This case is in its early stages: a telephone status conference is scheduled for June 22, 2020, and Pretrial Motions are due on June 25, 2020.

[2] The Government pointed to this Court's decision in U.S. v. Jackson, 18-216 (ECF No. 237). I note that Jackson arose in the post-plea, pre-sentencing context, and the Court considered 18 U.S.C. § 3143(a).

[3] The Government does not assert that intends to proffer additional argument or evidence in support of its Motion. I conclude that no additional hearing is required.

1

of Pretrial Release, as well as its Response to Defendant's initial Motion for Detention Hearing and Release. Defendant has filed a response.

The applicable standard of review in this case is de novo. United States v. Delker, 757 F.2d 1390, 1394 (3d Cir. 1985); United States v. Broadus, No. 19-00087, 2020 U.S. Dist. LEXIS 81306, at *1 (M.D. Pa. May 8, 2020). Nonetheless, "[c]learly, the district court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist." United States v. Koenig, 912 F.2d 1190, 1192-93 (9th Cir. 1990). A magistrate judge's reasoning in this context is entitled to "respectful consideration." Cf. United States v. Suppa, 799 F.2d 115, 120 (3d Cir.1986).  Further, the District Court may rely on the evidence presented to the magistrate, and is not required to conduct a hearing. United States v. Payne, No. 2017-0031, 2018 U.S. Dist. LEXIS 122058, at *14 (D.V.I. July 23, 2018). "The burden of demonstrating that a defendant should be detained remains with the Government." Id. at *16.

"[P]retrial detention can be ordered only when a judicial officer finds, after a hearing, 'that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" pretrial detention can be ordered only when a judicial officer finds, after a hearing, "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." United States v. Traitz, 807 F.2d 322, 324 (3d Cir. 1986) (quoting 18 U.S.C. § 3142(e)).  A rebuttable presumption of dangerousness to the community arises when a judicial officer finds probable cause to believe that a defendant committed an offense carrying a maximum term of imprisonment of ten years or more under 21 U.S.C. § 801, et seq.  18 U.S.C. § 3142(e).  A defendant may rebut the presumption by providing "some credible evidence that he will appear and will not pose a threat to the community." United States

v. Carbone, 793 F.2d 559, 560 (3d Cir. 1986).  At that point, the Government bears the burden regarding risk of flight, and danger to the community. United States v. Petersen, No. 08-22, 2009 U.S. Dist. LEXIS 46012, at *7 (D.V.I. May 29, 2009).  An assessment of whether detention is appropriate requires evaluation of various factors, including the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger to any person in the community that would be posed by the person's release.  18 U.S.C. § 3142(g).  The "history and characteristics of the person" include family ties, employment, community ties, and past conduct.  Id.  Although "the threat of a pandemic does not fit neatly into one of the factors," it may be taken into account. See United States v. Sagastume-Galicia, 2020 U.S. Dist. LEXIS 70806, *14 (D.D.C. Apr. 22, 2020).

In this case, upon careful review of the entire record and ample evidence before Judge Dodge, the Court finds no grounds for altering, modifying, or revoking Judge Dodge's Detention Order. The record reflects Defendant's good conduct while in jail, including his work as a pod worker and the various certificates he earned, and his compliant behavior as an inmate; his release plan included confirmed employment with Top Home Care Agency and residing with and caring for his uncle. Moreover, Defendant is overweight and suffers from asthma. The record reflects Defendant's family ties to the Pittsburgh community. In addition, as did Judge Dodge, the Court notes that Defendant has been charged with serious crimes, for which he was indicted.  While the gravity of the charged offenses, the evidence against him on those charges, and Defendant's criminal history weigh in favor of detention, I concur with Judge Dodge's conclusion that the evidence of Defendant's progress in complying with societal laws, which I consider along with positive factors such as his family ties in the community, weigh in favor of

release. I also note that the crimes charged, while serious, occurred four years ago; in addition, Defendant's criminal history includes offenses committed when he was 15 and 16 years old. The Government's opposition to release relies heavily, if not solely, on the seriousness of the charges, Defendant's criminal history, and the evidence against Defendant in this matter. The Government also expressed concerns about whether Defendant would be permitted to reside with his uncle upon release, but the evidence shows that the landlord has approved Defendant's residence. In sum, I conclude that the conditions set forth in Judge Dodge's release Order will reasonably assure both Defendant's appearance and the safety of the community. Weighing all applicable factors and considerations, therefore, I find that release consistent with Judge Dodge's release Order is appropriate in this matter.

For the foregoing reasons, the Government's Motion is denied. AND NOW, this 4th day of June, 2020, IT IS SO ORDERED.

BY THE COURT:

_Donetta F. Ambrose_
_____

Donetta W. Ambrose
Senior Judge, U.S. District Court